UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:26-CV-00476-GNS

SAUVEUR VICTOR PETITIONER

v.

MARKWAYNE MULLIN, Secretary,
Department of Homeland Security;
in his official capacity;
TODD BLANCHE, Acting U.S. Attorney General,
in his official capacity
MICHAEL ZERVAS, Acting Director,
Immigration and Customs Enforcement,
in his official capacity; and
MIKE LEWIS, Jailer,
Hopkins County Jail,
in his official capacity RESPONDENTS

**ORDER**

This matter is before the Court on the Petitioner's Petition for Writ of Habeas Corpus (DN 1) and Respondents' Motion for Extension of Time (DN 8).

On October 24, 2018, Petitioner Sauveur Victor ("Victor"), a native and citizen of Haiti, entered the United States through a port of entry. (Pet. ¶¶ 1, 13-14, DN 1; Resp'ts' Resp. Show Cause Order Ex. 1, at 2, DN 9-1). He underwent a credible fear interview and was determined to have a credible fear of torture. (Resp'ts' Resp. Show Cause Order Ex. 3, at 1-5, DN 9-3). On December 3, 2018, he was issued a Notice to Appear. (Pet. Ex. J, at 1-2, DN 1-11; Resp'ts' Resp. Show Cause Order Ex. 4, at 1-2, DN 9-4).

On February 22, 2019, Victor filed a Form I-589 application for asylum, withholding of removal, and protection under the Convention against Torture. (Pet. ¶ 2). On May 6, 2019, the immigration court granted his application for asylum, and the government appealed that decision.

(Pet. ¶ 17; Pet. Ex. B, at 1-10, DN 1-3). On September 10, 2019, the Board of Immigration Appeals ("BIA") remanded the matter to the immigration court. (Pet. ¶ 17; Pet. Ex. C, at 1-2, DN 1-4).

On December 20, 2019, the immigration court granted Victor's application for asylum, and the government appealed that decision. (Pet. ¶ 17; Pet. Ex. D, at 1-20, DN 1-5). While he was initially detained, he was released on his own recognizance by Immigration and Customs Enforcement ("ICE") on April 13, 2020. (Pet. ¶ 15; Pet. Ex. K, at 1-5, DN 1-12).

On June 5, 2023, Victor was found guilty of speeding in Indiana. (Resp'ts' Resp. Show Cause Order Ex. 5, at 1-2, DN 9-5). On March 9, 2026, Victor was charged with leaving the scene of an accident by law enforcement in Indiana. (Pet. ¶ 3; Pet. Ex. I, at 1-2, DN 1-10). He was served with a revocation letter and Warrant for Arrest of Alien, and transferred to the custody of Immigration and Customs Enforcement ("ICE"). (Pet. ¶ 3; Resp'ts' Resp. Show Cause Order Ex. 1, at 2; Resp'ts' Resp. Show Cause Order Ex. 8, at 1, DN 9-8). He is currently detained at the Hopkins County Jail. (Pet. ¶¶ 3, 5, 19). On May 29, 2026, he was found guilty of two additional traffic violations in Indiana. (Resp'ts' Resp. Show Cause Order Ex. 6, at 1-3, DN 9-6).

On May 20, 2026, the BIA remanded Victor's case to the immigration court. (Pet. ¶ 18; Pet. Ex. E, at 1-4, DN 1-6). On July 19, 2026, Victor then sought review in the U.S. Court of Appeals for the Eighth Circuit, and that appeal is currently pending. (Pet. ¶ 18; Pet. Ex. F, at 1-4, DN 1-7; Pet. Ex. G, at 1-2, DN 1-8); *see Victor v. Blanche*, No. 26-2227 (8th Cir. Filed June 19, 2026).

### A. <u>**Petition for Writ of Habeas Corpus**</u>

Victor filed the Petition for Writ of Habeas Corpus against Respondents: Markwayne Mullin, Secretary of the Department of Homeland Security; Todd Blanche, Acting Attorney General; Michael Zervas, Director of the Louisville Field Office of ICE; Mike Lewis, Hopkins

County Jailer. (Pet. ¶¶ 6-9). In the Petition, he challenges his continued detention and alleges violations of his due process rights under the Fifth Amendment. (Pet. ¶¶ 33-50).

A writ of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)). In seeking habeas relief, Victor bears the burden of proving by a preponderance of the evidence that his detention is unlawful. *See Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023); *Lallave v. Martinez*, 609 F. Supp. 3d 164, 171 (E.D.N.Y. 2022).

**1. *Immigration and Nationality Act***

Respondents contend that Victor is properly detained pursuant to 8 U.S.C. § 1225(b)(1) because that provision requires the detention of a noncitizen subject to removal and found by an asylum officer to have a credible fear of prosecution. (Resp'ts' Resp. Show Cause Order 4-6, DN 9). This provision applies to the "[i]nspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and "requires mandatory detention for . . . people subject to expedited removal . . . ." 8 U.S.C. § 1225(b)(1); *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 293 (E.D.N.Y. 2005) (internal citation omitted).

In relevant part, Section 1225 provides:

(i) In general

> If an immigration officer determines that an alien (other than an alien described in subparagraph (F)) who is arriving in the United States or is described in clause (iii) is inadmissible under section 1182(a)(6)(C) or 1182(a)(7) of this title, the officer shall order the alien removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum under section 1158 of this title or a fear of persecution.

> (ii) Claims for asylum
>
> If an immigration officer determines that an alien (other than an alien described in subparagraph (F)) who is arriving in the United States or is described in clause (iii) is inadmissible under section 1182(a)(6)(C) or 1182(a)(7) of this title and the alien indicates either an intention to apply for asylum under section 1158 of this title or a fear of persecution, the officer shall refer the alien for an interview by an asylum officer under subparagraph (B).

8 U.S.C. § 1225(b)(1)(A)(i)-(ii). By claiming asylum, a noncitizen can avoid expedited removal. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 109 (2020). As the Supreme Court has explained, "[t]he point of this screening interview is to determine whether the applicant has a 'credible fear of persecution.' The applicant need not show that he or she is in fact eligible for asylum—a 'credible fear' equates to only a 'significant possibility' that the alien would be eligible." *Id.* at 110 (internal citation omitted) (quoting 8 U.S.C. § 1225(b)(1)(B)(v)).

Section 1225 further provides that "[i]f the officer determines at the time of the interview that an alien has a credible fear of persecution (within the meaning of clause (v)), the alien shall be detained for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii). "The plain meaning of [that] [provision] is that detention must continue until immigration officers have finished 'consider [ing]' the application for asylum . . . ." *Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018) (third alteration in original). The applicable regulations further provide:

> [The U.S. Citizenship and Immigration Services] has complete discretion to either issue a Form I-862, Notice to Appear, for full consideration of the asylum and withholding of removal claim in proceedings under section 240 of the Act, or retain jurisdiction over the application for asylum pursuant to § 208.2(a)(1)(ii) for further consideration in a hearing pursuant to § 208.9.

8 C.F.R. § 208.30(f). In standard removal proceedings, an immigration judge considers the noncitizens' asylum application. *See Thuraissigiam*, 591 U.S. at 110. In addition, the applicable

regulations authorize an asylum officer to further consider an asylum application via an interview and issue a decision. *See* C.F.R. § 208.9(b), (d).

In this case, Victor received a credible-fear interview before an asylum officer and was determined to have a credible fear of prosecution in his home country. (Resp'ts' Resp. Show Cause Order Ex. 4, at 1). As a result, the consideration of the asylum application ceased because Victor was placed in standard removal proceedings, as reflected by the issuance of the Form I-862 Notice to Appear with the notation that "[t]his notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture." (Resp'ts' Resp. Show Cause Order Ex. 4, at 1).

Until recently, Victor had not been detained. The record therefore indicates that he is currently detained under 8 U.S.C. § 1226(a) rather than 8 U.S.C. § 1225(b)(1)(B)(ii) based on the government's past treatment of him. *See dos Santos v. Noem*, No. 1:25-CV-12052-JEK, 2025 WL 2370988, at *8 n.11 (D. Mass. Aug. 14, 2025); *Luna Sanchez v. Bondi*, No. 1:25-CV-018888-MSN-IDD, 2025 WL 3191922, at *4 (E.D. Va. Nov. 14, 2025).

Respondents rely on *In re M-S-*, 27 I&N Dec. 509 (A.G. 2019), *Paredes Padilla v. Galovich*, No. 25-CV-865-JDP, 2025 WL 3640960 (W.D. Wis. Dec. 16, 2025), *Brito-Goncalvez v. Field Office Director*, No. 1:26-CV-94, 2026 WL 1077448 (S.D. Ohio Apr. 21, 2026), and *Pambukhychyan v. U.S. Immigration and Customs Enforcement*, No. 26-0136, 2026 WL 980250 (W.D. La. Mar. 23, 2026), in support of their position that Victor is properly detained pursuant to Section 1225(b)(1)(B)(ii). (Resp'ts' Resp. Show Cause Order 4-6). This Court has previously distinguished these cases in addressing a similar matter. *See Singh v. Hott*, No. 4:26-CV-256-DJH, 2026 WL 1880217, at *3-4 (W.D. Ky. June 30, 2026). Accordingly, these authorities do not support

Victor's continued detention pursuant to Section 1225(b)(1)(B)(ii), and he is detained under Section 1226(a).

### 2. *Due Process*

The Fifth Amendment's Due Process Clause applies to all persons, including non-citizens, regardless of their immigration status. *See A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025); *see also Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) (per curiam) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings." (internal quotation marks omitted) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993))). "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action. 'It is clear that commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection.'" *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (internal citation omitted) (citing *Youngberg v. Romeo*, 457 U.S. 307, 316 (1982)). "'In our society liberty is the norm,' and detention without trial 'is the carefully limited exception.'" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004) (citation omitted).

This Court has repeatedly held that a noncitizen is being erroneously detained under Section 1225 when he is eligible for bond under Section 1226(a) can prove a due process violation under the three-part balancing test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See, e.g.*, *Aquino v. Woosley*, No. 4:26-CV-43-RGJ, 2026 WL 445033, at *10-12 (W.D. Ky. Feb. 17, 2026); *Coronel-Hernandez v. Woosley*, No. 4:26-CV-20-DJH, 2026 WL 227011, at *4-5 (W.D. Ky. Jan. 28, 2026); *Martinez-Elvir v. Olson*, 807 F. Supp. 3d 725, 742-44 (W.D. Ky. 2025). The unlawful detention of Victor implicates his liberty interest to which due process applies and precludes him from challenging his detention creating a high risk of erroneous deprivation of the liberty interest, which can be remedied by providing a bond hearing before a neutral immigration

judge. *See Foucha*, 504 U.S. at 80 (internal citation omitted) (citing *Youngberg*, 457 U.S. at 316); *Günaydin v. Trump*, 784 F. Supp. 3d 1175, 1187 (D. Minn. 2025); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1035-36 (N.D. Cal. 2025). As this Court has recognized, "a 'routine bond hearing before an [immigration judge]' presents 'minimal' fiscal and administrative burdens, and 'there is an established process for doing so that [the Department of Homeland Security] can readily follow here.'" *Alonso v. Tindall*, No. 3:25-CV-652-DJH, 2025 WL 3083920, at *9 (W.D. Ky. Nov. 4, 2025) (alterations in original) (quoting *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 493-94 (E.D.N.Y. 2025)).

When individuals have been illegally detained by ICE, courts have ordered their release. *See Patel v. Tindall*, No. 3:25-CV-373-RGJ, 2025 WL 2823607, at *6 (W.D. Ky. Oct. 3, 2025); *Barrera v. Tindall*, No. 3:25-CV-541-RGJ, 2025 WL 2690565, at *7 (W.D. Ky. Sep. 19, 2025); *see also Roble v. Bondi*, 803 F. Supp. 3d 766, 774 (D. Minn. 2025). "Habeas has traditionally been a means to secure release from unlawful detention . . . ." *Thuraissigiam*, 591 U.S. at 107. Consistent with these norms, Victor must be released, and if he is arrested and re-detained, he is entitled to a bond hearing on the merits under 8 U.S.C. § 1226 before a neutral immigration judge.

### B. Respondents' Motion for Extension of Time

Respondents have moved for an extension of time to file their response due to the need to retrieve Victor's records from the National Record Center. (Resp'ts' Mot. Extension Time, 1, DN 8). Because the motion is unopposed, this motion is granted, and their response is timely filed.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. The Petition for Writ of Habeas Corpus (DN 1) is **GRANTED**. Respondents are directed to release Petitioner Sauveur Victor from custody **IMMEDIATELY**, and, in the event

that he is arrested and re-detained, provide him with a bond hearing before a neutral immigration judge in accordance with 8 U.S.C. § 1226(a). Respondents shall certify compliance with the Court's Order by filing on the docket no later than **5:00 PM CT today**.

2. Respondents' Motion for Extension of Time (DN 8) is **GRANTED**.

3. Upon receipt of the notice of compliance, the Clerk shall strike this matter from the active docket.

**Greg N. Stivers, Judge**
**United States District Court**
July 29, 2026

cc: counsel of record